

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable T. K. Wilkerson
County Auditor
Hillsboro, Texas

Dear Sir:

            Opinion No. O-6412

Re: Whether it is necessary or
mandatory for an order passed
by the commissioners' court
to be signed by the county
judge and the commissioners
that are present for said
order to be valid and legal.

    Your letter of January 11, 1945, requesting the opinion of this department on the questions stated therein, is as follows:

    "I would appreciate information and your opinion on subject as follows:

    "The Commissioners Court meets at regular intervals and passes certain orders which are written on the docket and then recorded in the Commissioners Court Minutes as a permanent record.

    "Is it necessary or mandatory for an order that is passed by the Commissioners Court to be signed by the County Judge and the Commissioners that are present for said order to be valid and legal?"

    Article 2342, Vernon's Annotated Civil Statutes, provides:

    "The several commissioners, together with the county judge, shall compose the commissioners' court, and the county judge, when present shall be the presiding officer of said court." (Sec. 1,

Honorable T. K. Wilkinson - page 2

Art. 5 of the State Constitution, contains language similar to the foregoing statute.)

Article 2349, Vernon's Annotated Civil Statutes, reads as follows:

"The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk. The clerk shall also record all authorized proceedings of the court between terms; and such records shall be read and signed on the first day of the next term after such proceedings occurred."

Article 2345, Vernon's Annotated Civil Statutes, is as follows:

"The county clerk shall be ex officio clerk of the Commissioners' Court; and he shall attend upon each term of said Commissioners' Court; preserve and keep all books, papers, records and effects belonging thereto, issue all notices, writs and process necessary for the proper execution of the powers and duties of the Commissioners' Court and perform all such other duties as may be prescribed by law."

It is stated in Texas Jurisprudence, Vol. 11, page 570:

"The Commissioners' Court is required to record upon suitable books the proceedings of each term of court; and the minutes are required to be read over and signed by the county judge or the member presiding and attested by the clerk. All authority exercised by the court must be evidenced in that manner.

Honorable T. K. Wilkinson - page 3

It is not necessary that a single book shall contain the record of the court's proceedings; various books may be kept in which proceedings relating to particular matters may be properly recorded. Each book kept and used for this purpose is, within the meaning of the law, a minute book, and the entries therein made are minutes.

"Commissioners' Courts are courts of record and they must authenticate all official acts, if such authentication is required, by a seal prescribed by statute.

"The requirements that every official act of the Commissioners' Court shall be evidenced by an order entered upon the minutes of the court has been modified to the extent that where an order is shown to have been actually made by the court, and has been acted upon, the omission of the clerk to record the order will not render it or the acts done in pursuance thereof void. Although an order of the Commissioners' Court has never been entered upon the court's minutes, it may nevertheless be proved by parole evidence and given effect. The rule is necessarily different where an order is required by the terms of a special statute to be entered of record, or where a general statute declares that such order shall be void unless recorded. It is held that the evidence to establish a contract must be contained in the written proceedings of the court. However, if the court fails to place an order upon the minutes at the time when it is made, as required by law, the order may be entered upon the minutes at a subsequent regular or special session."

Generally speaking, the Commissioners' Court is a court of general jurisdiction in this state, and as we have seen, is a court of record. It is a court of tremendous importance, since it has jurisdiction over the county affairs

of the county. The public has a deep concern with the official acts of such court, and its proceedings therefore are of such importance as that an accurate record should be kept for the general information of the public concerned. Moreover, while it sometimes happens that the failure to make a minute of certain proceedings is not fatal to the validity of the same (see Landa v. State, 131 S. W. (2) 321), and that the validity of an order properly passed is susceptible of proof, and the order may be proved by oral testimony (Meoum v. Ford, 252 S. W. 491), nevertheless, the statutory requirement for duly recorded minutes, attested by the proper officers, is the safer way, and matters of such importance should not be left to the difficult and sometimes uncertain method of proof dehors the record. We know of no statute requiring the County Commissioners to sign the orders of the Commissioners' Court. However, as above stated, the Commissioners' Court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN
